Filed 4/19/16  P. v. Garcia CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B261601 |
| Plaintiff and Respondent, | (Los Angeles County  Super. Ct. No. BA416187) |
| v. | |
| MANUEL HAROLDO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.

Manuel Haroldo Garcia appeals from the judgment entered following his conviction by jury of one count of sexual intercourse or sodomy with a child 10 years old or younger (Pen. Code, § 288.7, subd. (a))[1] and two counts of oral copulation or sexual penetration with a child 10 years old or younger (§ 288.7, subd. (b)). The trial court sentenced appellant to state prison for 55 years to life. Appellant contends trial counsel rendered ineffective assistance in failing to object to prosecutorial misconduct and the court prejudicially erred in failing to instruct sua sponte pursuant to CALCRIM No. 302 concerning weighing conflicting testimony. We find no prejudicial error and therefore affirm.

## BACKGROUND

*Prosecution Case*

In 2013, appellant and his family were neighbors of seven-year-old S. and her family. S. frequently visited in appellant's apartment to watch movies or play with appellant's wife and child. When S. was there on or about September 4, 2013, and on one or two other occasions, appellant put his hand under her clothes and his finger inside her vagina. It was painful. Appellant told S. not to tell anyone, and she complied because she was afraid.

On September 11, 2013, during another visit, appellant told S. to go into his bedroom. Appellant's wife and child were in the bathroom taking a shower. S. told appellant her mother was calling her, but appellant pulled her inside the bedroom, and told her to lie down on the bed. Appellant pulled down S.'s pants and underwear as well as his own and put his penis in S.'s vagina. This hurt. He moved his body up and down. S. felt wetness and pain. When appellant's wife

---

[1] Except where otherwise noted, statutory references are to the Penal Code.

2

and child finished showering, appellant told S. to get dressed.  S. ran back to her apartment.  In shock and tears, she told her parents appellant had done something nasty to her.  She took a shower, because it felt wet in her vagina and she felt dirty.  Her brother called the police.

A forensic examination on September 13, 2013, revealed the following:  an abrasion/laceration in the vaginal opening; and redness in the hymenal tissue area and labia minora.  S. reported tenderness in the hymenal area and diffuse tenderness throughout.  The findings were consistent with a blunt force penetration to the vaginal area.  Appellant's DNA was found in anal, vestibular, and vulvar swabs taken from S.

Appellant told the police he touched S. between the legs and her vagina, put his finger in her vagina, and stroked her vagina but did not put his penis inside her.  When asked if his finger went all the way in or just part way, he stated, "I only touched her a little but I didn't . . . imagine it was such a big deal, you know."

*Defense Case*

The defense rested without presenting evidence.  Counsel focused his argument on the two digital penetration counts, arguing there was a paucity of evidence.  "[J]ust because he's guilty of one offense [i.e., sexual intercourse] doesn't mean he's guilty of all."  Counsel told the jury to consider whether each individual count was proved beyond a reasonable doubt.

3

**DISCUSSION**

I. *Ineffective Assistance of Counsel for Failure to Preserve Objection to Prosecutorial Misconduct*

Appellant contends the prosecutor committed misconduct when she told the jury it should send appellant a message, and teach him the lesson, that the things he did to S. were a big deal and he must not do them.[2] We conclude the contention was forfeited and, in any event, we disagree with the contention. Accordingly, we reject appellant's attempt to recast the forfeited issue as one of ineffective assistance of counsel.

A. *Forfeiture*

""""A prosecutor who uses deceptive or reprehensible methods to persuade the jury commits misconduct, and such actions require reversal under the federal Constitution when they infect the trial with such "'unfairness as to make the resulting conviction a denial of due process.'" [Citations.] Under state law, a prosecutor who uses such methods commits misconduct even when those actions do not result in a fundamentally unfair trial.' [Citation.] 'In order to preserve a claim of misconduct, a defendant must make a timely objection and request an admonition; only if an admonition would not have cured the harm is the claim of

---

[2] In closing argument, the prosecutor reminded the jury about the statement appellant made when he was asked how many fingers he put in S.'s vagina: "The truth is, but I didn't imagine it was such a big deal, you know?" The prosecutor then stated: "Now, that statement is important. Because the defendant didn't imagine it was such a big deal. Well, this was a big deal to S. This was a big deal to her mom, to her dad. And this is a big deal to society. [¶] And you need to send this defendant a message that this is a big deal. You cannot go around sticking your penis in a seven-year-old girl's vagina, and you cannot go around sticking your fingers in a seven-year-old's vagina. It's a big deal. [¶] He may not know it, but he needs to learn that you can't do things like that."

4

misconduct preserved for review.'"'"  [Citation.]"  (*People v. O'Malley* (2016) 62 Cal.4th 944, 1010 (*O'Malley*).)

Appellant failed to object to the remarks he now asserts were misconduct, thus forfeiting the misconduct claim on appeal.  (*O'Malley*, *supra*, 62 Cal.4th at p. 1009.)  Moreover, the misconduct claim is without merit.

B.  *Misconduct*

"'"'It is, of course, improper to make arguments to the jury that give it the impression that 'emotion may reign over reason,' and to present 'irrelevant information or inflammatory rhetoric that diverts the jury's attention from its proper role, or invites an irrational, purely subjective response.'"'"  [Citation.]" (*O'Malley, supra*, 62 Cal.4th at pp. 1010-1011.)

The prosecutor's remarks were not an appeal to emotion and did not divert the jury's attention from its proper role.  The prosecutor made comments while going over in detail the specific evidence that proved the charges.  Immediately after making the remarks, the prosecutor concluded the argument by summarizing that evidence:  "[s]o the bottom line is S. told you what [appellant] did.  He put his private part in her private part.  He put his fingers in her vagina two to five times. He admits the digital penetration over and over.  DNA proves his sperm is in her vagina.  And she has the significant vaginal injuries past her labia, proving blunt force penetration by that penis.  [¶]  So the overwhelming evidence is the defendant is guilty of all charges.  And I would ask [you to] find so."  We conclude that, in the context of the argument in which it was made, the remarks were an appeal to the jury to take the case seriously even though appellant may not have done so and to focus on the evidence of guilt.  The prosecutor did not commit misconduct.

Assuming, arguendo, the remarks were misconduct, there was no prejudice. The comment was "'brief and transitory'" and did not suggest the jury should bypass the evidence and find defendant guilty in order to send him a message or teach him a lesson. (*O'Malley*, *supra,* 62 Cal.4th at p. 1012.) Thus, there is "no reasonable possibility the prosecutor's brief remark could have affected the jury's decision." (*People v. Fierro* (1991) 1 Cal.4th 173, 244.)

### C. *Ineffective Assistance of Counsel*

Conceding that counsel's failure to object forfeited the issue, appellant recasts the issue as one of ineffective assistance of counsel. As we find no misconduct, and, even if there was misconduct, no prejudice, counsel's failure to object was not ineffective assistance, and appellant was not prejudiced by counsel's failure to object.[3] (See *O'Malley*, *supra*, 62 Cal.4th at p. 1010, fn. 12.)

## II. *CALCRIM No. 302*

Appellant contends the court prejudicially erred in failing to instruct sua sponte pursuant to CALCRIM No. 302, which provides the jury with guidance on how to evaluate conflicting evidence. We conclude there was no prejudicial error.

CALCRIM No. 302 states: "If you determine there is a conflict in the evidence, you must decide what evidence, if any, to believe. Do not simply count the number of witnesses who agree or disagree on a point and accept the testimony of the greater number of witnesses. On the other hand, do not disregard the

---

[3]     "To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial[.]" (*People v. Scott* (1997) 15 Cal.4th 1188, 1211.) If the defendant was not prejudiced by counsel's alleged deficiency, we need not decide whether counsel's performance was deficient. (*In re Cox* (2003) 30 Cal.4th 974, 1019-1020.)

6

testimony of any witness without a reason or because of prejudice or a desire to favor one side or the other. What is important is whether the testimony or any other evidence convinces you, not just the number of witnesses who testify about a certain point."

The instruction must be given in every criminal trial in which corroboration is not required. (*People v. Rincon-Pineda* (1975) 14 Cal.3d 864, 884-885 [addressing CALCRIM No. 302's predecessor instruction, CALJIC No. 2.22].) Where there is no reasonable probability the jury would have reached a result more favorable to the defendant had the instruction been given, the judgment is not reversible, because in that case, the failure to give the instruction would be harmless. (See *People v. Virgil* (2011) 51 Cal.4th 1210, 1261-1262 [discussing CALJIC No. 2.22].) (See also *People v. Diaz* (2015) 60 Cal.4th 1176, 1195 [failure to give a cautionary instruction].)

The jury heard conflicting evidence concerning whether appellant had sexual intercourse with S. and on how many occasions he engaged in digital penetration. CALCRIM No. 302 should have been given, and the court's failure to give it was error. However, the error was harmless in the circumstances of this case.

The jury received sufficient guidance on considering, evaluating and weighing the evidence from other standard instructions, including CALCRIM Nos. 101 [cautionary admonitions: "keep an open mind throughout the trial"; "do not let bias, sympathy, prejudice, or public opinion influence your decision"]; 220 [reasonable doubt: "you must impartially compare and consider all the evidence"]; 223 [direct and circumstantial evidence defined – both "are acceptable . . . to prove or disprove the elements of a charge"]; 226 [witnesses – guidance on determining credibility]; 301 [single witness's testimony]; 330 [testimony of child 10 years of age or younger]; and 358 [evidence of defendant's statements].

Moreover, the prosecutor did not suggest the jury could or should resolve conflicts in the evidence solely on the number of witnesses who testified on each side of the conflict or because of prejudice or a desire to favor one side over the other. Further, there was no imbalance in the number of witnesses whose testimony or statements conflicted: there was only S. on one side and appellant on the other.

As the instructions as a whole provided ample guidance to the jury on how to evaluate the conflicting evidence in this case and there was no suggestion the jury should or could resolve conflicts in an impermissible way, it is not reasonably probable the jury would have reached a different result had CALCRIM No. 302 been given. Accordingly, the error in failing to give the instruction was harmless. (See *People v. Virgil*, *supra*, 51 Cal.4th at p. 1262.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:



EPSTEIN, P. J.                    COLLINS, J.

8